

FILED
CLERK, U.S. DISTRICT COURT
APR 10 2014
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>CAESAR MORALES, HUGO MORALES, MARIA RODRIGUEZ, JUAN MORALES, and DOES 1 to 100, Inclusive,<br><br>            Defendants. | Case No. CV 14-01559 (SS)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

   The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

   Defendant Maria Rodriguez ("Defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal to this Court and also presented an application to proceed <u>in forma pauperis</u>. The Court has denied the latter application under separate cover because the action was not properly removed.

To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Defendant appears to assert that removal is proper based upon diversity jurisdiction because she is a citizen of Mexico. She also alleges that she does not reside in California. (Notice at 3). The Court notes that Defendant Maria Rodriquez identifies her own address on her pleadings as the California address at issue in the unlawful detainer action. Even if Defendant Rodriquez does not reside in California, however, she has failed to show that diversity jurisdiction exists here.

Diversity jurisdiction requires that each plaintiff be diverse from each defendant. Exxon Mobil Corp v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). There is no evidence that Defendant Rodriquez's co-defendants are also diverse from Plaintiff, a California limited liability company. Plaintiff's unlawful detainer complaint demonstrates that complete diversity does not exist between Plaintiff and Defendants, as it appears that some or all of Defendants reside at Plaintiff's Pacoima, California property. (Notice, Ex. A at 3-4). Accordingly, remand to state court is proper. See, e.g., Hill v. Rolleri, 615 F.2d 886, 889 (9th Cir. 1980) (diversity jurisdiction is analyzed based on the pleadings at the time the action is filed).

Finally, Defendant's Notice of Removal makes passing reference to the Equal Protection and Due Process Clauses of the

Fourteenth Amendment. (Notice at 4). However, this unlawful detainer action does not raise any federal legal question. Thus, removal is improper because this action could not have been brought in federal court in the first place.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, North Valley District, 9425 Penfield Ave., Chatsworth, CA 91311, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED

DATED: April 4, 2014

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE